# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHILOH ANGEL BENTACOURT,<br><br>                  Plaintiff,<br><br>vs.<br><br>CALIFORNIA WESTERN SCHOOL OF LAW, et al.,<br><br>                  Defendants. | CASE NO. 19cv714-LAB (MDD)<br><br>**ORDER GRANTING MOTION TO WITHDRAW [Dkt. 13]** |

Attorney Maria Hinayon has moved *ex parte* to withdraw as counsel of record for Plaintiff Shiloh Bentacourt. Dkt. 13. The Court instructed any party opposing that motion to file a formal opposition July 5, 2019, but none was filed.[1]

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Among other things, courts ruling upon motions to withdraw as counsel have considered, (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v.*

---

[1] Ms. Bentacourt submitted an *ex parte* letter to the Court on June 26, 2019. The Court rejected this document for filing but invited her to file a formal opposition by July 5, 2019. Dkt. 16. She did not file an opposition.

*Countrywide Home Loans*, 2010 WL 3702459 at *2 (N.D. Cal. 2010). After reviewing the record and the reasons for withdrawal noted in the motion—which include an irreconcilable breakdown of the attorney-client relationship and that Ms. Bentacourt has discharged Ms. Hinayon as her attorney—the Court concludes that there is good cause to grant the motion to withdraw as counsel. The Court further concludes that the withdrawal will not prejudice litigants, harm the administration of justice, or unduly delay resolution of the case.

**IT IS HEREBY ORDERED** that Ms. Hinayon's Motion to Withdraw as Attorney is **GRANTED**. Dkt. 13. Maria Hinayon is no longer attorney of record for Plaintiff Shiloh Bentacourt in this action. Civil Local Rule 83.3 provides, in part:

> Whenever a party has appeared by an attorney, the party may not afterwards appear or act in the party's own behalf in the action, or take any step in that action, unless an order of substitution has first have been made by the court, after notice to the attorney of such party, and to the opposite party . . . .
>
> When an attorney of record for any person ceases to act for a party, such party must appear in person or appoint another attorney by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney, or by a written designation filed in the case and served upon the attorney ceasing to act . . . .

S.D. Cal. Civ. L.R. 83.3(f)(1), (f)(2). **IT IS HEREBY ORDERED** that, no later than sixty (60) days from the date of this Order, Plaintiff Shiloh Bentacourt must file a motion for substitution pursuant to Local Rule 83.3, requesting an order of substitution and indicating whether she will represent herself or have new counsel to represent her in this action. If no motion for substitution is filed within sixty (60) days from the date of this Order, Plaintiff's claims against the Defendants will be dismissed without prejudice. Ms. Hinayon is **ORDERED** to serve a copy of this Order on Ms. Bentacourt and to file a notice with the

/ / /

/ / /

Court after she has done so. Once she has served Ms. Bentacourt and filed the required notice, Ms. Hinayon's obligations related to this case are terminated.

**IT IS SO ORDERED**.

Dated: July 15, 2019

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge